NO. 7848.               STATE OF LOUISIANA

SUCCESSION OF          COURT OF APPEAL

L. H. FAIRCHILD.       PARISH OF ORLEANS.

7848

7848

St.Paul, Judge.

This is a rule taken by the executors against the defendants, agents of the deceased, to show cause why they should not turn over an alleged balance in their hands ($1475. Less $490.75, say $984.25).

The defense is that the balance is in defendant's favor ($65.75) by reason of a credit of $1050. to which they are entitled as earned commission on a sale of certain real estate.

The validity of this credit is the only issue presented.

I.

On Dec 28th 1916, the deceased "agreed and bound himself to sell and convey" certain real estate to one Gallagher for $35000. payable cash at the time of conveyance, which was to be not later than March 1st 1917. On his part Gallagher "guaranteed the payment of said price on the conveyance of

it

the title by the said vendor". And was further provided that "in the event that the sale is consumated the vendor agrees to pay Curley & Parkinson three per cent commission on $35000."

It is admitted "that the agreement of Dec 28th 1916 was extended from time to time by L. H. Fairchild during his life time, and by his executors after his death, up to April 25th 1919; the said extensions being in writing and Gallagher

on

agreeing to pay six per cent on the purchase price during the life of each extension".

And it is shown by the ### evidence of defendants themselves that when the last extension expired "Gallagher asked for a farther extension", which the executors declined to make.

It is also admitted "that the right of Gallagher under the contract of Dec 1915, expired on the 25th day of April 1919.......... And no demand was made on him by the Fiarchild Estate for specific performance of the agreement.......Because of the statement made to me (Counsel for the executors) by Mr Parkinson, employed by the Fairchild Estate to make the sale, that Gallagher would have to be sued in order to compel him to take title."

## II.

It will therefore be seen, I. That the commission was to be due only "in the event that the sale is consumated"; and 2. That Gallagher defaulted on his agreement regularly from March 1st 1917 until April 25th 1919; that even then he sought, but was unable to obtain a further extension; that although no legal formality was employed to establish his default, nevertheless he was so far actually in default that he "would have to be sued in order to compel him to take title".

## III.

There was judgment below for the defendants, but we think that judgment was error.

I. By the terms of the agreement the commission was due only "in the event that the sale was consumated"; and these words, 'sufficiently plain in themselves, have been interpreted (or words to to the same effect) to have reference to a completed sale translative of title, and not a mere executory promise of sale, never carried out. Jordy vs Salmen Co, 121 La 457; Terry vs Schenck, 10 Orleans App 62; Mc Williams vs Lyons, 5 Orleans App 231.

2. Nor does such a clause materially alter the rights of the parties under the general law. It is fairly well settled that (in the absence of a clear agreement to the contrary) a broker's commission on a sale is not earned unless the sale be actually completed. De Santos vs Taney, 13 An 151; Loyacano vs Thompson, 4 Orleans App 345; Sonneman vs Cutter, 10 Orleans App 155; Haight vs Marrero, 12 Orleans App 369.

Of course where the broker has produced a purchaser able and willing to buy, and the failure to complete the sale results from the act or fault of him who has promised the commission, the case is different for the commission is then due. Roberst vs Thomas, 8 Orleans App 210; Slattery vs Hussey, 4 Orleans App 65; Gurley & Parkinson vs Loeffler, 14 Orleans App 424.

IV.

In the case before us the failure to complete the sale resulted from no act or fault of the deceased or his executors,

but solely because Gallagher was unwilling or unable to take title; that is to say, unless we are to impute as a fault their unwillingness to embark upon litigation to enforce the promise of sale.

But we do not think that this can be. A right of action for a thing may as an abstract proposition be the same as the possession thereof, but practically the two are very different; for litigation is always expensive, never certain, often profitless even though successful, and sometimes ruinous.

Hence a reward promised for procuring the price for a thing which one wishes to sell, may well be refused for producing only a promise of such price.

And hence the procuring of a purchaser able and willing to buy, contemplates one who shows his ability and willingness by voluntary performance or offer to perform, not simply one who might (or might not) be coerced into doing so.

We therefore think that plaintiffs in rule were jusitified in refusing to go further when it became manifest that Gallagher would not comply with his agreement unless under compulsion of law.

The judgment appealed from is therefore reversed, and it is now ordered that defendants in rule, Gurley & Parkinson, do pay over to the executors the sum of Nine hundred and eighty four 25/100 Dollars ($984.25) and costs of both courts.

New Orleans June 28th, 1920.